[Cite as *State v. Bryant*, 2018-Ohio-4161.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 18CA011269 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY BRYANT | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 04-CR-066301 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2018

HENSAL, Judge.

{¶1} Larry Bryant appeals a judgment of the Lorain County Court of Common Pleas that denied his motion to terminate post-release control. For the following reasons, this Court reverses.

I.

{¶2} In 2006, the trial court sentenced Mr. Bryant for multiple felonies of the first and third degree. Regarding post-release control, the court told Mr. Bryant at the sentencing hearing that, upon his release from prison, he would be placed on post-release control for a mandatory five years. It also told him that, if he violated the terms and conditions of post-release control, he would "be returned to prison for the maximum amount of time remaining on post release control or 12 months, whichever is longer."

**{¶3}** Following his release from prison, Mr. Bryant moved to terminate post-release control, arguing that it was void. The trial court denied his motion. Mr. Bryant has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

A TRIAL COURT[']S SENTENCE WHICH IS CONTRARY TO LAW CANNOT BE CURED BY JOURNAL ENTRY.

**{¶4}** Mr. Bryant argues that the trial court's imposition of post-release control was invalid because it did not comply with Revised Code Section 2929.19. He also argues that, because he has already completed his sentence, the error cannot be corrected.

**{¶5}** At the time of Mr. Bryant's sentencing hearing, Section 2929.19(B)(3) provided that, if an offender was being sentenced for a felony of the first degree, the trial court had to notify him at the sentencing hearing that he would be supervised under Section 2967.28 after his release from prison. R.C. 2929.19(B)(3)(c) (2006). Section 2929.19(B)(3) also provided that the court had to notify the offender that, if he violated a condition of post-release control, "the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." R.C. 2929.19(B)(3)(e) (2006). The Ohio Supreme Court has recognized that "any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 1, 2004-Ohio-6085, ¶ 23. It has also recognized that, "once an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 70.

**{¶6}** The State agrees with Mr. Bryant that the trial court did not comply with Section 2929.19(B)(3)(e) at his sentencing hearing. It also agrees with Mr. Bryant that, because Mr.

Bryant has been released from prison, the error cannot be corrected. Upon review of the record, we agree that the trial court did not properly notify Mr. Bryant about the consequences of violating post-release control at his sentencing hearing and that it is too late for the court to correct the error. *Id*. Accordingly, we conclude that the trial court incorrectly denied Mr. Bryant's motion to terminate post-release control. Mr. Bryant's first assignment of error is sustained. In light of our resolution of his first assignment of error, we conclude that Mr. Bryant's second assignment is moot. We, therefore, decline to address it. App.R. 12(A)(1)(c).

III.

**{¶7}** Mr. Bryant's first assignment of error is sustained. His second assignment of error is disregarded as moot. The judgment of the Lorain County Court of Common Pleas is reversed, and that court is directed to enter an order terminating Mr. Bryant's post-release control.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MICHAEL E. STEPANIK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.